| | |
|---|---|
| STATE OF NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE |
| | SUPERIOR COURT DIVISION |
| COUNTY OF ROBESON | 20 CVS 2757 |

KELLEY MCGLONE,  )
        Plaintiff,  )
        v.  )    COMPLAINT
        )
OUTBACK STEAKHOUSE OF  )
FLORIDA, LLC.  )
        Defendant.  )

The Plaintiff complaining of the Defendant alleges and says:

## PARTIES AND JURISDICTION

1. The Plaintiff is a citizen and resident of the City of Huntington, Wayne County, West Virginia.

2. Upon information and belief, the Defendant, Outback Steakhouse of Florida, LLC d/b/a Outback Steakhouse, is a limited liability company authorized and existing under the laws of the State of Florida, with its principal office in Tampa, Florida.

3. Outback Steakhouse has a registered agent, Corporate Creations Network Inc., located at 15720 Brixham Hill Avenue, Suite 300, Charlotte, NC 28277, which serves as the owner and operator of the Outback Restaurant located at 223 Wintergreen Drive, Lumberton, North Carolina.

4. The alleged incident occurred in Robeson County, North Carolina.

5. Jurisdiction is proper pursuant to the Constitution and the laws of North Carolina.

6. Venue is proper pursuant to §1-82 of North Carolina General Statutes.

**EXHIBIT 3**

## FACTS

7. On the 22nd day of October 2017, Plaintiff was dining at Outback Restaurant, located at 223 Wintergreen Drive, Lumberton, North Carolina. She left her table to walk to the restroom. As she approached the restroom, Plaintiff slipped on a clear, slick substance on the floor. Plaintiff fell, causing injuries to her right shoulder and right leg.

8. Plaintiff was proceeding lawfully and carefully and proceeding with due care for her own safety when she slipped on a clear, slick substance on the floor.

9. At all times relevant to this Complaint, Outback Steakhouse of Florida, LLC owned, operated, maintained, supervised, inspected, managed, and repaired the aforementioned premises as a restaurant.

## CAUSE OF ACTION: NEGLIGENCE

10. The presence of the clear, slick substance that caused Plaintiff's fall was a hidden danger, known and/or knowable to Defendant but not known or reasonably knowable to Plaintiff.

11. Defendant owed a duty to Plaintiff to warn customers and patrons of hidden dangers on its premises.

12. At all times herein in question, Plaintiff was vigilant and observant of possible dangers to her person and could not see or know that a clear, slick substance was present on the floor on which she was walking.

13. The Plaintiff is informed, believes, and therefore alleges that, at the time of her fall as herein set forth, the Defendant knew or should have known the area of the floor in question to be hazardous to guests in the restaurant.

14. As a result of the fall described above, and due to the negligence, carelessness, and recklessness of the Defendant, Plaintiff was severely injured therein.

15. The injuries herein suffered by Plaintiff were proximately caused by the negligence, carelessness, willful and wanton conduct of the Defendant, in that they:

   (a) Failed to keep and maintain the floor in question in a reasonably safe condition.

   (b) Failed to warn guests within the restaurant, including Plaintiff, of hidden perils and unsafe conditions of which Defendant knew, or by reasonable inspection, could have discovered.

   (c) Failed to make reasonable inspection of the floor in question and to correct unsafe conditions that such an inspection would have revealed.

   (d) Failed to place signs or cones in the dangerous area warning guests of the floor which Defendant knew was in an unsafe and perilous condition.

   (e) Increased the hazard of falling on the floor by not warning of the danger it posed.

   (f) Failed to keep its premises fit for foreseeable uses.

   (g) Failed to ensure that the premises were safe or to warn users in the restaurant of any non-obvious defect.

   (h) Such other negligence as will be shown at trial.

16. As a result of said fall, Plaintiff received serious and painful bodily injuries.

17. As a result of the injuries aforesaid, Plaintiff has suffered excruciating pain of body, mind and spirit, which are the immediate and necessary consequences of the Defendant's negligence.

18. As a further direct and proximate result of the Defendant's negligent, careless and reckless conduct, Plaintiff has suffered great mental anguish and anxiety, which are the immediate and necessary consequences of said injuries.

19. As a direct and further result of the Defendant's negligent, careless and reckless conduct, Plaintiff has incurred medical expenses for diagnosis, treatment and medication, which are the immediate and necessary consequences of said injuries.

20. As a direct and further result of the Defendants' negligent, careless and reckless conduct, Plaintiff has suffered monetary loss due to lost wages, decreased ability to work and earn wages and lost opportunities, which are the immediate and necessary consequences of said injuries.

WHEREFORE, Plaintiff respectfully prays the Court:

1. That she have and recover of the Defendant, a sum in excess of $25,000.00 together with interest as by law allowed from the date of the filing of this action.

2. That the costs of this action be taxed against the Defendant, including an attorney's fee if by law allowed.

3. That she have such other and further relief as the Court may deem just, equitable and proper.

4. That she have a trial by jury on all issues so triable.

Respectfully submitted this the 15th day of October 2020.

LEVINE LAW GROUP, P.A.

Michael J. Levine
North Carolina State Bar #23836
Cathy A. Williams
North Carolina State Bar #33534
128 Medical Park Road, Suite 300
Mooresville, NC 28117
Telephone: (704) 660-1770
Facsimile: (704) 660-1775